**Eleanor M. FIACCO, et al., Plaintiffs,**

v.

**UNITED TECHNOLOGIES CORP., Defendant.**

**No. 78 Civ. 3583 (VLB).**

United States District Court, S. D. New York.

July 18, 1981.

Kreindler & Kreindler, New York City, for plaintiffs.

Bigham, Englar, Jones & Houston, New York City, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I.

This is an action arising out of a crash which occurred while a helicopter was transporting plaintiffs' decedents from Bergen, Norway to an oil drilling platform in the North Sea.

Plaintiff Eleanor Fiacco, Administratrix of the Estate of Robert Fiacco, is a citizen and resident of the State of New York. Of the remaining eight plaintiffs, seven are Norwegian citizens, and one is a citizen of the United Kingdom.

The defendant is a United States corporation organized and existing under the laws of Delaware with its principal place of business in Connecticut. Defendant is presumably "doing business" in New York for purposes of personal jurisdiction, pursuant to New York CPLR § 301, and for purposes of venue, pursuant to 28 U.S.C. § 1391(c).[1]

The amended complaint alleges the following bases of jurisdiction: diversity of citizenship, the general maritime law, and the Death on the High Seas Act (46 U.S.C. § 761 *et seq.*). The complaint sounds in strict liability in tort, negligence and breach of warranty.

Defendant asks this court to dismiss the action on the ground of *forum non conveniens*. Defendant asks alternatively that the action of plaintiff Fiacco be severed from the remaining actions, that the claims of the alien plaintiffs be dismissed on the ground of *forum non conveniens*, and that the Fiacco claim be transferred to Connecticut, pursuant to 28 U.S.C. § 1404(a).[2]

1. While there is no express allegation in the complaint or the amended complaint that defendant is doing business in New York, there is a reference to the fact defendant "just happens to do business in New York" (affidavit of John J. Martin, sworn to October 2, 1978, ¶ 7). Moreover, defendants have made no objections based on either lack of personal jurisdiction or improper venue.

2. Section 1404(a) states:
   § 1404. Change of venue
   (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any

Defendant has offered to concede liability and to submit itself to the jurisdiction of a competent Norwegian court, if this court will dismiss. Given these concessions, defendant argues, this court is required, pursuant to the relevant factor analysis as dictated by the United States Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 505–509, 67 S.Ct. 839, 841–843, 91 L.Ed. 1055 (1947), to dismiss the instant action.

For the reasons given below, defendant's motion is in all respects denied.

## II.

In *Gulf Oil Corp. v. Gilbert, supra*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the United States Supreme Court outlined the factors to be considered in determining the issue of *forum non conveniens*:

An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

*Id.* at 508, 67 S.Ct. at 843 (footnote omitted).

Factors of public interest are to be considered as well:

Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id.* at 508, 509, 67 S.Ct. at 843.

Defendant argues that since it is willing to concede liability and submit to *in personam* jurisdiction in the courts of Norway, the only proof needed will go to the damages issue, and the bulk of the witnesses on this issue are located in Norway. While defendant concedes that the enforceability-of-judgment factor probably does not weigh in its favor, it urges that the remaining private, and most of the public interest, factors favor the defendant, given the concessions which it is willing to make.[3]

## III.

This is essentially a products liability suit and the allegedly defective product was manufactured by a corporation whose principal place of business is in the United States. The site of the design and manu-

---

other district or division where it might have been brought.

**3.** Similar arguments were made to the United States District Court for the District of Columbia in a wrongful death action arising out of the same helicopter crash, and defendant prevailed. The Court of Appeals for the District of Columbia, in affirming the district court's decision,

held that given the concessions offered (essentially equivalent to those involved here), the factors favoring dismissal on *forum non conveniens* grounds outweighed those factors favoring retention of the case in the forum chosen by plaintiffs. *Pain v. United Technologies Corp.*, 637 F.2d 775 (D.C.Cir.1980).

facture of the product, and all records relevant to such design and manufacture, are located in this country. With respect to design and manufacture, the potential witnesses are located in the United States.

So far as the accident itself, and the investigations which ensued, the witnesses are in Europe.

Witnesses and evidence with respect to damages as to plaintiff Fiacco are presumably to be found in the United States. With respect to damages as to the other plaintiffs, the witnesses and evidence are in Norway or the United Kingdom.

It is not yet established what body of law will control this action, but it could quite conceivably be the law of Norway. This becomes a so-called "practical problem" which can interfere with the "easy, expeditious and inexpensive" trial of a case.[4]

Turning to the factors of public interest, one of the primary functions of diversity jurisdiction is to give a plaintiff of a given state access to a federal court for purposes of vindicating claims as against citizens of other states. This much is apparent from the language of the diversity statute itself.[5]

This district has, to be sure, the paradigm of a congested docket. This is not, however, a case where a community which bears no relation to the litigation has the duties and expenses of jury trial imposed upon it. The community served by this court has a clear interest in providing a forum in which one of its citizens may seek to redress a wrong.

## IV.

Absent the considerations delineated below, a balance of the *Gulf Oil Corp. v.*

*Gilbert* factors would perhaps indicate that Norway rather than New York was a more appropriate forum. Given these considerations, however, I find that it would not be appropriate to dismiss on *forum non conveniens* grounds.

The first is that the plaintiff Fiacco is a citizen of New York, and hence has a real and tangible interest in this forum.[6] This factor augments in this case the weight which normally should be given to the plaintiff's choice of forum.

The second consideration is a crucial one, which tips strongly in favor of retention of jurisdiction in this district.

If plaintiffs had commenced this action against defendant in Norway, defendant could have resisted, probably successfully, on the basis that defendant was not subject to jurisdiction in Norway. On this view, not only Fiacco but also all of the other plaintiffs would necessarily have come to this court, or to another district in the United States which had jurisdiction over defendant, in order successfully to proceed against defendant. Thus this is not a situation where plaintiffs could have proceeded against defendant in the Southern District of New York or in Norway and elected instead to proceed in this district. They could not have proceeded against defendant in Norway absent defendant's consent to submit to jurisdiction there. The fact is that defendant has consented to submit to jurisdiction in Norway, and has sweetened the offer by agreeing to concede liability if the action is transferred there. If there were not clear jurisdiction over defendant in this and other forums within the United States, however, query whether defendant would have been willing to submit to jurisdiction in Norway.

---

**4.** *Gulf Oil Corp. v. Gilbert, supra*, 330 U.S. at 508, 67 S.Ct. at 843.

**5.** 28 U.S.C. § 1332.

**6.** In attaching importance to the plaintiff's residence I am not unmindful of authority in this circuit and elsewhere which tends to deemphasize the significance of the plaintiff's citizenship or residence as a factor in determining the appropriate forum. *See Alcoa S.S. Co. v. M/V Nordic Regent*, 654 F.2d 147 (2d Cir. 1980) (en banc); *Farmanfarmaian v. Gulf Oil Corp.*, 588

F.2d 880 (2d Cir. 1978), and I do not accord to Mrs. Fiacco's citizenship a "talismanic significance." Perhaps Mrs. Fiacco's New York citizenship alone would not have been enough to persuade me to deny defendant's motion.

I note that in *Pain v. United Technologies Corp., supra*, 637 F.2d 775, none of the plaintiffs resided in the District of Columbia. One plaintiff was an American citizen residing in New Hampshire.

Obviously defendant wishes transfer of the action to Norway because it has made a value judgment that it will be advantageous for it to have damages assessed in Norwegian courts rather than in American courts. Perhaps where there are two forums, each with jurisdiction, the court in determining whether a transfer should be made on a *forum non conveniens* basis should not consider the question of the relative criteria used in the two jurisdictions for determining liability and assessing damages. *See, e. g., Fitzgerald v. Texaco, Inc.*, 521 F.2d 448, 453 (2d Cir. 1975), *cert. denied*, 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976). Where of two possible forums one is possible only because the defendant consents to make it possible by submitting to its jurisdiction, it seems to me that the question of those relative criteria should weigh much more heavily. A plaintiff, who jurisdictionally has the right to proceed in one jurisdiction, should not, in my judgment, be required to proceed if at all only in another jurisdiction where jurisdiction will exist not as a matter of law but as a matter of conscious choice on the part of the party against whom he seeks recovery.

SO ORDERED.