AMERICAN HOME ASSURANCE COMPANY and Birmingham Fire Insurance Company of Pennsylvania, Plaintiffs,

v.

The INSURANCE CORPORATION OF IRELAND LIMITED, those certain Underwriters At Lloyds subscribing to reinsurance agreements evidenced by Cover Note Nos. BIB 1210/82 and LI 113, RTC Limited, and Bloodstock International (Bermuda) Ltd., Defendants.

and

The INSURANCE CORPORATION OF IRELAND LIMITED, Third-Party Plaintiff,

v.

RHULEN AGENCY, INC., Somerset Broking Limited, Leadenhall International Limited, Peter James Meredew and John Richard Crawford Harris, Third-Party Defendants.

and

RHULEN AGENCY, INC., Fourth-Party Plaintiff,

v.

PAUL NAPOLITAN, INC., Fourth-Party Defendant.

FRONTIER INSURANCE COMPANY, Plaintiff,

v.

INSURANCE CORPORATION OF IRELAND, LTD; Equine And Livestock Insurance Company, Ltd.; Brian D. Sutton; Bloodstock International (Bermuda), Ltd.; Peter J. Meredew, John Harris, RTC Limited and Rhulen Agency, Inc., Defendants.

The MONARCH INSURANCE COMPANY OF OHIO, Plaintiff,

v.

The INSURANCE CORPORATION OF IRELAND, LTD., and Frelinghuysen Livestock Managers, Inc., Defendants.

and

The INSURANCE CORPORATION OF IRELAND, LIMITED, Third-Party Plaintiff,

v.

RTC LIMITED, Bloodstock International (Bermuda), Ltd., Leadenhall International Limited, Peter James Meredew, John Richard Crawford Harris and Somerset Broking Limited, Third-Party Defendants.

PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Plaintiff,

v.

The INSURANCE CORPORATION OF IRELAND, LTD., Defendant.

and

The INSURANCE CORPORATION OF IRELAND, LTD., Third-Party Plaintiff,

v.

Peter James MEREDEW, John Richard Crawford Harris, Rhulen Agency, Inc., Somerset Broking Limited, Leadenhall International Limited, RTC Limited, and Bloodstock International (Bermuda) Limited, Third-Party Defendants.

Nos. 83–Civ. 9181 (RLC), 84 Civ. 769 (RLC), 84 Civ. 871 (RLC) and 84 Civ. 3797 (RLC).

United States District Court, S.D. New York.

Oct. 22, 1984.

Kroll, Pomerantz & Cameron, New York City,. for plaintiffs American Home Assur. Co. and Birmingham Ins. Co. of Penna; Roy E. Pomerantz, Leigh R. Isaacs, New York City, of counsel.

Hart & Hume, New York City, for Rhulen Agency, Inc.; Cecil Holland, Jr., Thomas Fenerty, New York City, of counsel.

D'Amato & Lynch, New York City, for defendant and third-party plaintiff Ins. Corp. of Ireland, Ltd.; Robert E. Meshel, John P. Higgins, New York City, of counsel.

Solin & Breindel, New York City, for defendant Certain Underwriters at Lloyds; Janice C. Berman, New York City, of counsel.

Montclare & Guay, New York City, for defendant RTC Limited; Paul Montclare, New York City, of counsel.

Hale, Russell & Gray, New York City, for defendant Bloodstock Intern. and third-party defendants John Richard Crawford Harris and Somerset Broking Limited; Selvyn Seidel, New York City, of counsel.

Thacher, Proffitt & Wood, New York City, for third-party defendant Peter James Meredew; Joan Hillenbrand, New York City, of counsel.

Anderson, Laino & Urgenson, P.C., New York City, for third-party defendant Leadenhall Intern., Ltd.; A. Broadus Anderson, New York City, of counsel.

Donovan, Maloof, Walsh & Kennedy, New York City, for fourth-party defendant Paul Napolitan, Inc.; Thomas P. Parry, New York City, of counsel.

Raggio, Jaffe, Kayser & Hunting, New York City, for Frelinghuysen Livestock Managers; Leo Kayser, III, New York City, of counsel.

Rein, Mound & Cotton, New York City, for The Monarch Ins. Co. of Ohio; Alan Rein, New York City, of counsel.

Marvin L. Tepper, Monticello, N.Y., and Shea & Gould, New York City, for Frontier Ins. Co.; John G. Nicolich, New York City, of counsel.

## OPINION

**ROBERT L. CARTER, District Judge.**

This consolidated action involves American and foreign parties in an international reinsurance transaction. The plaintiffs are United States insurance companies, doing business in New York City, suing for reimbursement of claims paid to, *inter alia,* insureds in the United States.

Primary defendants include reinsurers: The Insurance Corporation of Ireland Limited ("ICI"), certain Underwriters at Lloyds ("Underwriters"), both doing business in New York City; agents RTC Limited ("RTC") and Bloodstock International (Bermuda) Limited ("BIBL"), whose contacts with New York have not yet been ascertained but which transacted a Binding Agreement Authority ("binding agreement") with reinsurers allowing them to transact cover notes [1] between certain plaintiffs and reinsurers. There are, in addition, a number of other defendants in the separately filed actions, but they are not parties to the motions being decided in this opinion.

The complaint, in 83 Civ. 9181, is typical of the allegations in the companion cases. Plaintiffs allege breach of contract against all primary defendants, negligence, misrepresentation, and breach of warranty of authority against RTC and BIBL.

Defendant ICI has impleaded Rhulen Agency, Inc. ("Rhulen"); Somerset Broking Limited ("Somerset"); Leadenhall International Limited ("Leadenhall"); and Pe-

---

[1] A cover note is "[a] record of insurance arrangements pending the issuance of a formal reinsurance contract...." Strain, *Reinsurance* 646 (1980).

ter James Meredew ("Meredew") and John Richard Crawford Harris ("Harris") as individuals.[2] The third party action alleges that third party defendants acted fraudulently as agents of American Home Assurance Co. ("AHA") in consummating the disputed reinsurance agreement between AHA and reinsurers.

Rhulen, a New York corporation and AHA's agent, has brought a fourth party action against Paul Napolitan, Inc. ("Napolitan"), another reinsurance broker and also a New York corporation. That action alleges Napolitan's responsibility for any liability that attaches to Rhulen.

Motions were made by two of the primary defendants, RTC, a British corporation, and BIBL, a Bermuda corporation, to dismiss the action against them in part on grounds of *forum non conveniens.* In the alternative they seek to stay this action pending the outcome of litigation filed in the United Kingdom. Plaintiffs are not parties to the United Kingdom action.

Motions similar to the aforenamed defendants' motions were made by third party defendants Leadenhall, a British corporation; Somerset, a Bermuda corporation; and Harris, an individual resident in either Bermuda or the United Kingdom.[3]

Plaintiffs, AHA and Birmingham Fire Insurance Company of Pennsylvania, corporations organized and existing under the laws of New York and Pennsylvania, respectively, with both having their principal places of business in New York City, have moved to enjoin the parties from proceeding with the United Kingdom actions.

## I

■ The central purpose of any *forum non conveniens*[4] inquiry is to ensure that the situs of the trial is convenient. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 256, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981); *Ayers v. Arabian American Oil Co.,* 571 F.Supp. 707, 708 (S.D.N.Y.1983) (Carter, J.). In making that determination, courts are to consider the private and public interest factors elucidated by the Supreme Court in the leading *forum non conveniens* case, *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–15, 67 S.Ct. 839, 843–46, 91 L.Ed. 1055 (1947).

■ We begin the analysis with the important private interest of plaintiffs' choice of forum. There is a strong presumption in favor of a citizen or resident plaintiff's choice of forum unless other private and public interest factors involved *clearly point* to trial in the alternate forum. *Reyno, supra,* 454 U.S. at 255, 102 S.Ct. at 265 (emphasis added). The complaint of an American citizen should not be dismissed on *forum non conveniens* grounds unless trial in a United States court would be unjust, oppressive, or vexatious and not merely inconvenient to the defendant. *Koster v. Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 831, 91 L.Ed. 1067 (1947); *Leasco Data Processing Equipment Corp. v. Maxwell,* 468 F.2d 1326, 1344 (2d Cir.1972);

---

**2.** It is a matter of dispute whether third party defendants Meredew and Harris were acting for RTC and BIBL, respectively, in this transaction or as individuals. Meredew was an RTC-employed insurance broker throughout the period in question and was also a shareholder in and director of Leadenhall. Harris was and is a director of BIBL and was and is president and a director of Somerset.

**3.** Third party defendant Peter James Meredew ("Meredew"), an individual resident of Bermuda or the United Kingdom, has filed motions similar to the above-named motions but, for some reason, has omitted a claim of *forum non conveniens.* The outcome today renders such a deficiency moot in any event.

**4.** The question of whether New York or federal law applies in *forum non conveniens* cases has never been decided since the congruity of New York and federal law has made it unnecessary to decide the matter. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Schertenleib v. Traum,* 589 F.2d 1156, 1162, n. 13 (2d Cir.1978); *Olympic Corp. v. Societe Generale,* 462 F.2d 376, 378 (2d Cir. 1972); *Ionescu v. E.F. Hutton & Co. (France) S.A.,* 465 F.Supp. 139, 145 n. 2 (S.D.N.Y.1979) (Pollack, J.); *see Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 248, n. 13, 102 S.Ct. 252, 262, n. 13, 70 L.Ed.2d 419.

*Thompson v. Palmieri,* 355 F.2d 64, 66 (2d Cir.1966); *Ionescu v. E.F. Hutton & Co. (France) S.A.,* 465 F.Supp. 139, 145 (S.D.N. Y.1979) (Pollack, J.).

■ Here, plaintiffs are United States corporations, all doing business in New York, all have their principal place of business in the Southern District of New York, and AHA, Frontier Insurance Company, and Public Service Mutual Insurance Company are organized under the laws of this state. Movants do not allege any "unjust, oppressive, or vexatious" grounds for their claim of *forum non conveniens.* All primary parties are corporate entities involved in international reinsurance practice and all but RTC and BIBL are present in New York. Trial in New York would therefore be at least as convenient to the primary parties as trial in the United Kingdom. *See Top Form Mills v. Sociedad Nationale Ind., Etc.,* 428 F.Supp. 1237 (S.D.N.Y.1977) (Gagliardi, J.); *Odita v. Elder Dempster Lines, Ltd.,* 286 F.Supp. 547 (S.D.N.Y.1968) (Herlands, J.).

■ Other private interest factors named in *Gilbert* weigh in favor of retention of jurisdiction. All documentary evidence is now present in the United States and arrangements have been made to depose all foreign witnesses. Allegations by movants concerning greater access in Britain to documents, witnesses and evidence concerning London market practices, therefore, appear unfounded but, even if true, do not amount to the "extreme circumstances" and "material injustice" needed to overcome the strong private interest of plaintiffs' choice of a domestic forum. *Leasco Data Processing Equipment Corp. v. Maxwell, supra,* 468 F.2d at 1344 quot-

ing *Burt v. Isthmus Development Co.,* 218 F.2d 353, 357 (5th Cir.1955), *cert. denied,* 349 U.S. 922, 75 S.Ct. 661, 99 L.Ed. 1254 (1955).

■ Even if we decide that British law applies to the contested substantive issues regarding the disputed cover notes, such application of foreign law is not alone sufficient to warrant dismissal when a balancing of all relevant factors shows that the plaintiffs' chosen forum is appropriate. *Reyno, supra,* 454 U.S. at 260, n. 29, 102 S.Ct. at 268, n. 29 (1981); *Manu International S.A. v. Avon Products, Inc.,* 641 F.2d 62, 67 (2d Cir.1981); *Gibbons v. Udaras na Gaeltachta,* 549 F.Supp. 1094, 1123 (S.D.N.Y.1982) (Ward, J.); *Odita v. Elder Dempster Lines, Ltd., supra,* 286 F.Supp. at 551.

■ The possibility that primary defendant ICI will not be able to implead third party defendants Leadenhall, Somerset, Meredew, and Harris due to lack of personal jurisdiction might, in a different fact situation, lead to dismissal of the complaint against ICI on *forum non conveniens* grounds. The inability to implead other parties directly involved in the controversy is a factor which weighs against retention of jurisdiction. *Fitzgerald v. Texaco, Inc.,* 521 F.2d 448, 453 (2d Cir.1975), *cert. denied,* 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976); *accord, Bailey v. Dolphin International, Inc.,* 697 F.2d 1268, 1279 (5th Cir.1983); *Pain v. United Technologies Corp.,* 637 F.2d 775, 790 (D.C.Cir. 1980) (term "direct involvement" emphasized), *cert. denied,* 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981); *Dahl v. United Technologies Corp.,* 632 F.2d 1027, 1031 (3rd Cir.1980).[5]

---

5. Though not dispositive, courts give such third party direct involvement considerable weight. Tort actions have been dismissed where a third party might bear responsibility for an accident and a full factual hearing required the presence of all parties. As noted, however, the citizenship of the plaintiff weighs heavily in the balance. *See Reyno, supra,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (foreign plaintiffs); *Pain, supra,* 637 F.2d 775 (one plaintiff, *inter alia,* American); *Fitzgerald, supra,* 521 F.2d 448 (foreign plaintiff); *Whyham v. Piper Aircraft Corp.,*

96 F.R.D. 557 (M.D.Pa.1982) (foreign plaintiff); *In re Disaster at Riyadh Airport, Saudi Arabia, on August 19, 1980,* 540 F.Supp. 1141 (D.D.C. 1980) (foreign plaintiff); *but see Fiacco v. United Technologies Corp.,* 524 F.Supp. 858 (S.D.N.Y. 1981) (Broderick, J.) (jurisdiction retained where one of plaintiffs was a citizen of New York, defendant's principal place of business was in the United States, site of all records of design and manufacture of instrumentality was located in the United States, and motion was

In a Second Circuit case where, as here, a foreign defendant and third party defendant moved to dismiss on grounds of *forum non conveniens*, the district court allowed the secondary action between the defendant French bank and third party defendant French buyer to be dismissed and brought separately in France, while retaining jurisdiction over the primary action between the American seller and French bank. *Olympic Corp. v. Societe Generale*, 462 F.2d 376 (2d Cir.1972), *aff'g in part and rev'g in part*, 333 F.Supp. 121 (S.D.N.Y.1971) (Bonsal, J.). The circuit court in reversing this court's dismissal of the primary action found that "although the benefits of impleader might be taken into account in a close case in deciding whether or not to dismiss for *forum non conveniens*, they are not so important as to counteract the overwhelming evidence that [plaintiff] should be permitted to sue in the United States...." *Olympic Corp. v. Societe Generale, supra*, 462 F.2d at 379.

■ Although the *Olympic* solution of dismissing the third party action while retaining jurisdiction over the primary litigation may be applicable here, if we ultimately decide that this court lacks personal jurisdiction over certain third parties, the complexity of the present action makes such severance undesirable. Unlike *Olympic*, one third party defendant here, Rhulen, is a New York corporation and Rhulen has impleaded Napolitan, also a New York corporation, in a fourth party action. In addition, while defendants' liability under the cover notes may be adjudicated without the presence of third party agents, the nexus of factual relations is such that a more efficient use of judicial resources is possible if all parties are brought before the court in one action. Conservation of judicial resources is a factor to be considered in *forum non conveniens* cases. *Calvalo Growers of California v. Belgium*, 632 F.2d 963, 968 (2d Cir.1980); *Pain*

*v. United Technologies Corp., supra*, 637 F.2d at 790–791; *Disaster at Riyadh Airport, Saudi Arabia, on August 19, 1980*, 540 F.Supp. 1141, 1143, n. 1 (D.D.C.1980); *Mattes v. National Hellenic American Line, S.A.*, 427 F.Supp. 619, 629 (S.D.N.Y. 1977) (Lasker, J.).

■ Public interest factors also favor keeping the present case in its present configuration. First and foremost, national and local public policy favors providing a forum in which United States citizens may seek to redress an alleged wrong. *Fiacco v. United Technologies Corp.*, 524 F.Supp. 858, 861 (S.D.N.Y.1981) (Broderick, J.). The reinsurance cover notes implicate not only the interests of the primary plaintiffs, but the interests of United States insureds as well.

■ Further, all parties in the consolidated action are before this court while neither plaintiffs, underwriters, Rhulen, Equine and Livestock Insurance Company, Ltd., and Brian D. Sutton (all defendants in the action brought by Frontier Insurance Company), nor Frelinghausen Livestock Managers, Inc. (defendant in the action brought by Monarch Insurance Company), are parties to the United Kingdom action. Thus, in the further interest of conservation of judicial resources, this forum seems best situated to adjudicate the entire controversy.

■ For the above stated reasons, all motions to dismiss on grounds of *forum non conveniens* are denied. Similar rationale mandates denial of the motions to stay this action pending the outcome of litigation in the United Kingdom.[6]

## II

■ As to plaintiffs' motion to enjoin the parties from pursuing pending litigation in the United Kingdom, there is sufficient reason to grant the motion. Courts

---

motivated by defendant's calculated decision that Norway was a more advantageous forum for assessment of damages).

6. Motions to dismiss for lack of personal jurisdiction and for summary judgment are not decided, pending completion of discovery, but, for purposes of the *forum non conveniens* decision only, personal jurisdiction is assumed.

have the power to enjoin litigants from pursuing simultaneous contests in a foreign forum. *Laker Airways v. Sabena Belgian World Airlines,* 731 F.2d 909, 927–928 (D.C.Cir.1984); *Seattle Totems Hockey Club, Inc. v. National Hockey League,* 652 F.2d 852, 856 (9th Cir.1981), *cert. denied,* 457 U.S. 1105, 102 S.Ct. 2902, 73 L.Ed.2d 1313 (1982); *Harvey Aluminum v. American Cyanamid Co.,* 203 F.2d 105, 108 (2d Cir.1953); *Garpeg, Limited v. United States,* 583 F.Supp. 789, 798 (S.D.N.Y.1984) (Sweet, J.); *Cargill, Inc. v. Hartford Accident and Indemnity Co.,* 531 F.Supp. 710 (D.Minn.1982).

▮▮▮ In such a situation, this court has adopted a two part test to determine whether parties may be thus enjoined. Parties must be the same in both matters, and resolution of the first action must be dispositive of the action to be enjoined. *Garpeg, Limited v. United States, supra,* 583 F.Supp. at 798 citing *Cargill, Inc. v. Hartford Accident and Indemnity Co., supra,* 531 F.Supp. at 715. The present facts satisfy that yardstick. All parties to the United Kingdom action are currently before this court (while the converse is not true) and a resolution of this action will be dispositive of the United Kingdom action.

▮▮▮ When these threshold requirements are met, five factors are suggested in determining whether the foreign action should be enjoined: (1) frustration of a policy in the enjoining forum; (2) the foreign action would be vexatious; (3) a threat to the issuing court's in rem or quasi in rem jurisdiction; (4) the proceedings in the other forum prejudice other equitable considerations; or (5) adjudication of the same issue in separate actions would result in delay, inconvenience, expense, inconsistency, or a race to judgment. *Garpeg, supra,* 583 F.Supp. at 798 citing *Cargill, supra,* 531 F.Supp. at 715. Since all of the problems noted in the fifth factor are likely to occur and engender considerable vexation and injustice, we see due cause to enjoin the United Kingdom actions.

IT IS SO ORDERED.