**Pushpa CHHAWCHHARIA, as representative of the estate of Shree Mohan Chhawchharia, deceased, Pushpa Chhawchharia, as mother and guardian of Vishaka Chhawchharia and Manjeri Chhawchharia, and Pushpa Chhawchharia, Individually, Plaintiff,**

v.

**The BOEING COMPANY, Defendant.**

**No. 86 Civ. 1443 (PKL).**

United States District Court,
S.D.New York.

April 10, 1987.

Wallman, Wechsler, Weiser, P.C., New York City (H. Johannes Galley, of counsel), for plaintiff.

Haight, Gardner, Poor & Havens, New York City (Randal R. Craft, Jr., of counsel), for defendant.

LEISURE, District Judge:

Defendant The Boeing Company (hereinafter referred to as "Boeing") has moved to dismiss plaintiff's complaint on the ground of *forum non conveniens.* Plaintiff's complaint seeks damages for the wrongful death of Shree Mohan Chhawchharia, plaintiff's husband and a passenger on a Boeing 747 aircraft owned by Japan Air Lines, which crashed en route from Tokyo, Japan to Osaka, Japan on August 12, 1985. Plaintiff sues individually and in "her representative capacity under the Laws of India." Complaint, ¶ 2. Plaintiff alleges that she is "a citizen and resident of the Country of India." *Id.* at ¶ 1.

Plaintiff's decedent resided with his family in Calcutta, India before his death. Af-

fidavit of Mr. H. D. Nanavati, sworn to on May 28, 1986 (hereinafter referred to as the "Nanavati Affidavit"), at ¶ 4. He is survived by his wife, two minor children, both parents, three brothers and two sisters. *Id.* The decedent was employed as a vice-president of Asiatic Oxygen and Acetylene Company, which has its principal place of business in Calcutta, India. *Id.* at ¶ 3. At the time of his death he was on a business trip originating in Calcutta, India, which was scheduled to include stops in Bangkok, Hong Kong, Tokyo, Osaka, Manila and Singapore and to terminate in Calcutta. *Id.* The decedent's airline ticket was purchased in India. *Id.*

Boeing is incorporated in the state of Delaware and has its principal place of business in the state of Washington. Affidavit of John W. Purvis, sworn to on May 16, 1986, at ¶ 7 (hereinafter referred to as the "Purvis Affidavit"). Boeing designed and manufactured the aircraft which was involved in decedent's death. *Id.* The same aircraft had been involved in a prior accident in Japan, where Boeing personnel effected major repairs before it was returned to service. Memorandum in Support of Defendant's Motion (hereinafter referred to as "Defendant's Memorandum") at 6. Boeing has acknowledged publicly that a mistake was made during the repairs. *Id.*

Pursuant to Japanese law, the investigation of the August, 1985 crash has been conducted by a committee of the Japanese Ministry of Transportation. Purvis Affidavit at ¶ 4. Two United States agencies, the National Transportation Safety Board (hereinafter referred to as the "NTSB") and the Federal Aviation Administration, sent personnel to Japan to participate in certain aspects of the investigation. *Id.* at ¶ 5. Twelve Boeing employees assisted the NTSB representatives as various times. *Id.*

In September, 1985, an Indian attorney negotiated a settlement with the Chhawchharia family releasing Japan Air Lines and all others from liability for decedent's death. Nanavanti Affidavit at ¶ 6. The release was subsequently revised to name Boeing expressly as a party released. *Id.* at ¶ 7. When the settlement payment was tendered, however, the Chhawchharia family refused to accept the payment. *Id.* at ¶ 9. Plaintiff claims that defendant's agents induced plaintiff to release Boeing upon the false representation that its liability is limited by the Warsaw Convention. Memorandum in Opposition to Defendant Boeing's Motion to Dismiss (hereinafter referred to as "Plaintiff's Memorandum") at 22–23.

### Introduction

"The doctrine of *forum non conveniens* allows a court to decline jurisdiction, even when jurisdiction is authorized by a general venue statute." *In re Union Carbide Corp. Gas Plant Disaster,* 634 F.Supp. 842, 845 (S.D.N.Y.1986), *aff'd as modified,* 809 F.2d 195 (2d Cir.1987). When a party moves to dismiss on the ground of *forum non conveniens,* "[a] district court is advised to determine first whether the proposed alternative forum is 'adequate,'" and then, "as a matter within its 'sound discretion,'" the Court should analyze relevant public and private interest factors "in order to determine whether dismissal is favored." *Id.* (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981)). In making such an analysis in this case, the presumption in favor of plaintiff's chosen forum is accorded "less than maximum force," *Piper,* 454 U.S. at 261, 102 S.Ct. at 268, because the assumption that a plaintiff's choice is convenient is "much less reasonable" where the plaintiff is domiciled abroad, *id.* at 256, 102 S.Ct. at 266. *See also Union Carbide,* 809 F.2d at 202 (paying "[l]ittle or no deference" to foreign plaintiffs' choice of a United States forum).

### Alternative Forum

 "At the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum," *Piper,* 454 U.S. at 254 n. 22, 102 S.Ct. at 265 n. 22. "Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the oth-

er jurisdiction." *Id.* (citation omitted). In this case, Boeing has agreed to consent to jurisdiction in India, Defendant's Memorandum at 2, and Indian law permits such consent by defendant, Affidavit of Atul M. Setalvad, sworn to on May 22, 1986, ¶ 6. *See Union Carbide,* 809 F.2d at 203 (consent by defendant to personal jurisdiction in India); *Calavo Growers of California v. Generali Belgium,* 632 F.2d 963, 968 (2d Cir.1980) (approval of conditional dismissal), *cert. denied,* 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 809 (1981); *Schertenleib v. Traum,* 589 F.2d 1156, 1164 (2d Cir.1978) (same).

Plaintiff contends that there is no adequate alternative forum because inefficiencies in the Indian court system would hinder her prosecution of this action there. Plaintiff's Memorandum at 12–15. In support of her characterization of the Indian judicial system, plaintiff has submitted one newspaper article, which includes anecdotal references to congestion in Indian courts. *See* Exhibit A to Plaintiff's Memorandum. Plaintiff has not, however, contradicted the statement of defendant's expert that India provides a compensatory damage remedy for wrongful death. Setalvad Affidavit, ¶ 4. Moreover, it has recently been noted that while "delays and backlog exist in Indian courts ... United States courts are subject to delays and backlog, too." *Union Carbide,* 634 F.Supp. at 848. In *Union Carbide,* the Second Circuit accepted Judge Keenan's finding "that the Indian courts provide a reasonably adequate alternative forum...." 809 F.2d at 202–03.

Since an alternative forum will be held inadequate only in those "rare circumstances" where it is "so clearly ... unsatisfactory that it is no remedy at all," *Piper,* 454 U.S. at 254 & n. 22, 102 S.Ct. at 265, & n. 22, this Court concludes that India is an available alternative forum for this litigation.

### Private Interest Factors

▮ In order to resolve a discovery dispute, Boeing agreed not to rely on the argument that a trial on liability would be held with greater difficulty in the United States than in India. Defendant's First Supplemental Memorandum at 3.[1] Accordingly, the issue is whether India or the United States [2] is the more convenient forum in which to litigate Boeing's defense of release and to conduct a trial on plaintiff's damages, if necessary.

▮ With respect to the release issue, defendant argues that "all of the witnesses with knowledge concerning the settlement negotiations, execution of the releases and tender of the settlement funds are located in India" and may not be available at all in New York. Defendant's Memorandum at 25.[3] On this question, plaintiff states that decedent's survivors are willing to testify in New York and argues that the "only other apparent" witness regarding the release would be defendant's own agent. Plaintiff's Memorandum at 19. The Court concludes that this factor does not clearly favor dismissal.

---

**1.** Plaintiff has nevertheless argued that if a trial on liability is required, it would be conducted most conveniently in the United States. Plaintiff's Memorandum at 18–19. The Court finds this argument unconvincing. *See* Defendant's Memorandum at 16–20. In addition, the Court notes that Boeing is willing to agree not to contest liability in the Indian courts if its defense of release is rejected. Defendant's Memorandum at 2. *See In re Disaster at Riyadh Airport,* 540 F.Supp. 1141, 1147–51 (D.D.C.1982).

**2.** Defendant argues that this action should not proceed in the Southern District of New York and focuses on this district in its argument. *See, e.g.,* Defendant's Memorandum at 2, 3, 22. Plaintiff contends, however, that "the relevant inquiry upon this motion is not whether *this*

district is an inconvenient forum, but rather whether *any* U.S. District Court is a convenient forum," since this Court could order a transfer pursuant to 28 U.S.C. § 1404(a). Plaintiff's Memorandum at 26. In its consideration of defendant's motion, the Court assumes that plaintiff has properly defined the relevant inquiry and concludes that India provides a significantly more convenient forum than does any district court.

**3.** While defendant has not specifically identified the witnesses it would call and the testimony these witnesses would provide if the trial were held in India, *Piper* indicates that "[s]uch detail is not necessary." 454 U.S. at 258, 102 S.Ct. at 267.

■ As to damages, it is well-established that ease of access to proof of loss in the jurisdiction where decedent was domiciled weighs heavily in favor of dismissal. *See, e.g., Piper,* 454 U.S. at 242, 102 S.Ct. at 258; *In re Disaster at Riyadh Airport,* 540 F.Supp. 1141, 1147 (D.D.C.1982); *Bou-vy-Loggers v. Pan American World Airways, Inc.,* 15 Av. Cas. (CCH) 17,153, 17,-154 (S.D.N.Y.1978). Defendant argues that since pertinent tax forms, bank statements, check stubs, employment records, and medical records are all located in India, significant discovery there would be required. Defendant's Memorandum at 23. Moreover, defendant asserts that all of the witnesses regarding damages are located in India. *Id.* at 23–24. These include friends and relatives of the decedent, co-workers, employers, the decedent's personal physician, and his accountant. *Id.* Plaintiff argues that much of the relevant documentary evidence on damages is within her control and will be produced. Plaintiff's Memorandum at 19–20. With regard to witnesses on damages, plaintiff argues that all pertinent testimony could be taken by way of depositions during one trip abroad. *Id.* at 20. The Court is mindful that " 'the realities of modern transportation and communications ... have significantly altered the meaning of *non conveniens.*' " *Manu International, S.A. v. Avon Products, Inc.,* 641 F.2d 62, 65 (2d Cir.1981) (quoting *Calavo Growers,* 632 F.2d at 969 (Newman, J., concurring)). It remains true, however, that "to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 511, 67 S.Ct. 839, 844, 91 L.Ed. 1055 (1947). The Court concludes that sources of proof and access to witnesses regarding damages are factors weighing in favor of dismissal, although not heavily. Since most of the probable deposition testimony in a trial on damages in the United States would relate to economic loss, a jury would not be severely hampered.

### Interests of the Forums

■ The *Gilbert* Court articulated certain public interest factors affecting non-parties to a litigation which should be considered on a *forum non conveniens* motion. *Union Carbide,* 634 F.Supp. at 860–61 (citing *Gilbert,* 330 U.S. at 508–09, 67 S.Ct. at 843). These include administrative difficulties, interests of a plaintiff's chosen forum versus those of a local forum, and choice of law. *Id. See also Pain v. United Technologies Corp.,* 637 F.2d 775, 791–92 (D.C.Cir.1980), *cert. denied,* 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981).

In this case, defendant argues that there is "no connection whatsoever between the Southern District of New York and this lawsuit," and thus implies that this forum has no interest in the resolution of the instant controversy. Defendant's Memorandum at 26–28.[4] Significantly, however, Boeing does not argue that district courts in the state of Washington, where defendant operates its principal place of business, or in the state of Delaware, where Boeing is incorporated, have no interest in the outcome. Putting aside any concerns regarding issues of safety implicated by the determination of liability,[5] these districts have an interest in ensuring that a corporation and its agents do not procure releases of liability by fraudulent means. India's interest in determining the validity and effect of the release is even greater, however. The release signed by plaintiff was negotiated and drafted by an Indian attorney, executed by an Indian plaintiff in India, and apparently intended to extinguish a claim arising from the death of an Indian citizen. *Cf. Rutherford v. The Gray Line, Inc.,* 615 F.2d 944, 946–47 (2d Cir.1980) (in choice of law context, forum where plaintiff was domiciled and release was executed held to have "superior interest" in construing its effect).

---

**4.** *See infra* note 2.

**5.** In *Piper,* the Court held that "ensuring that American manufacturers are deterred from pro-

ducing defective products" is an insignificant public interest. 454 U.S. at 260–61, 102 S.Ct. at 268.

India also has a strong interest in assessing damages since plaintiff and her two minor children are all citizens there. The domiciliary state has the strongest interest in providing for prompt and adequate compensation of a decedent's survivors. *See Piper,* 454 U.S. at 260, 102 S.Ct. at 268; *Bouvy-Loggers,* 15 Av. Cas. (CCH) at 17,-155; *Nai-Chao v. Boeing Co,* 555 F.Supp. 9, 18 (N.D.Cal.1982), *aff'd,* 708 F.2d 1406 (9th Cir.), *cert. denied,* 464 U.S. 1017, 104 S.Ct. 549, 78 L.Ed.2d 723 (1983).

### Foreign Law

■ Boeing argues that the validity of the release and the assessment of damages would be governed by the law of India, and that the Court's lack of familiarity with Indian law is a factor favoring dismissal. Defendant's Memorandum at 31. Plaintiff does not dispute that Indian law would apply, but argues that Indian rules on damages and releases [6] "are substantially the same" as the generally-accepted rules governing those issues in the United States. Plaintiff's Memorandum at 22. Plaintiff has offered no documentary support for its assertion that the necessity of applying Indian law in this case would present no serious difficulties for the Court.[7] On the other hand, plaintiff correctly notes that defendant has made no specific showing that "Indian law with respect to these issues is novel or difficult of application from the point of view of an American court." *Id.* Defendant simply asserts that the mere propriety of applying Indian law "weighs heavily in favor of dismissal." Defendant's Memorandum at 35.

It has been explained that under *Gilbert,* "an action should be dismissed where the court may be required to 'untangle prob-

lems in conflict of laws, and in law foreign to itself.'" *Overseas National Airways, Inc. v. Cargolux Airlines International, S.A.,* 712 F.2d 11, 14 (2d Cir.1983) (citation omitted). *See also Piper,* 454 U.S. at 260, 102 S.Ct. at 268 ("[T]he need to apply foreign law point[s] toward dismissal."). *Accord Calavo Growers,* 632 F.2d at 967; *Union Carbide,* 634 F.Supp. at 866; *Bouvy-Loggers,* 15 Av. Cas. (CCH) at 17,155. When "a strong possibility exists that foreign law will be applied, *Gilbert* persuades us that the trial court has discretion to weigh into the *forum non conveniens* determination the consideration that problems will inherently arise when a court is forced to apply a law with which it is unfamiliar." *Pain,* 637 F.2d at 793 n. 101. In addition, the possibility that the law of Japan, where the tort occurred, may govern various of the remaining issues in the case means that the Court may be required to apply the law of two foreign jurisdictions. *See* Defendant's Memorandum at 34–35. The Court concludes that the applicability of foreign law in this case is a public interest factor militating in favor of dismissal.

### Conclusion

Plaintiff cites *Fiacco v. United Technologies Corp.,* 524 F.Supp. 858 (S.D.N.Y. 1981) for the proposition that a *forum non conveniens* motion should be denied "where it appears that the defendant is seeking to ... gain an advantage that would be lacking if the case remained in the plaintiff's chosen forum." Plaintiff's Memorandum at 24. In *Fiacco,* however, the plaintiff was a citizen of New York, "and hence ha[d] a real and tangible inter-

---

**6.** Plaintiff represents that she "seeks to avoid the purported release on the ground ... of fraud in the inducement," and argues that this doctrine involves familiar concepts. Plaintiff's Memorandum at 22–23.

**7.** Plaintiff notes, Plaintiff's Memorandum at 23, that Judge Keenan appeared to credit expert testimony that " 'the major categories of tort [in Indian law], their elements, the [theories] of liability, defenses, *respondeat superior,* the theories of damages—are all familiar.'" *See Union Carbide,* 634 F.Supp. at 849 (citation omitted).

Judge Keenan's reference to this testimony was in connection with his discussion concluding that India provided a valid alternative forum for the *Bhopal* litigation. *See id.* at 845–52. In a distinct section of his opinion, Judge Keenan concluded that "[a]n Indian court ... would be better able to apply the controlling law than would this United States Court, or a jury working with it." *Id.* at 866. He therefore found that the applicability of Indian law constituted a public interest factor weighing in favor of dismissal. *Id.*

est in this forum." 524 F.Supp. at 861. In addition, it has been held since *Fiacco* that dismissal is appropriate even though a plaintiff's "potential damages award may be smaller" in the new forum, as long as "there is no danger that [plaintiff] will be deprived of any remedy or treated unfairly." *Piper,* 454 U.S. at 255, 102 S.Ct. at 265.

Plaintiff also criticizes defendant's offer to "eliminate any issue as to whether Boeing can be sued in India" by voluntarily submitting to jurisdiction there. Defendant's Memorandum at 13; Plaintiff's Memorandum at 24–25. The Second Circuit, however, has approved of dismissal on the ground of *forum non conveniens* in situations where the defendant consents to jurisdiction in a foreign forum. *See, e.g., Union Carbide,* 809 F.2d at 203; *Calavo Growers,* 632 F.2d at 968.

In arguing that dismissal would be inequitable, Plaintiff's Memorandum at 24–25, plaintiff also relies on *Avon Products,* 641 F.2d at 67, where the Second Circuit found "almost a perversion of the *forum non conveniens* doctrine...." In *Avon Products,* the Court refused to force a Belgian plaintiff who chose a New York forum "to go to Taiwan at the behest of [defendant]," which had its home office in New York, "when most of the actors involved in the case are not located in Taiwan but in or closer to New York." *Id.* This case is far different from *Avon Products* because Boeing seeks only to remit plaintiff to the forum where she resides and where many of the likely principal witnesses are located.

In summary, the Court finds that India is an alternative forum for this litigation and concludes after an evaluation of the relevant private and public interest factors—including sources of proof and access to witnesses regarding damages, India's interest in determining the validity of defendant's release and assessing compensatory damages, and the applicability of foreign law—that dismissal is indicated.[8]

Accordingly, defendant's motion is granted and plaintiff's complaint is dismissed, provided that:

1. Defendant consents to personal jurisdiction in India and an Indian court assumes such jurisdiction; and

2. Defendant agrees to waive any statute of limitations defense that has arisen since the commencement of this action in the Southern District and not to contest liability if an Indian court rejects its defense of release.

SO ORDERED.

---

8. In addition to opposing defendant's motion to dismiss, plaintiff also sought a stay of the instant proceedings until disclosure by defendant of related actions pending against it or reasonably anticipated to be commenced in other federal courts or in other courts in the United States. *See* Memorandum in Support of Motion for Stay of Proceedings and Discovery at 1, 8–9. Plaintiff argued, in part, that such disclosure was necessary for the Court properly to consider defendant's motion to dismiss. *Id.* at 5–6. Defendant substantially complied with plaintiff's request for disclosure more than five months ago, *see* Memorandum of Defendant Boeing in Response to Plaintiff's Motion, filed October 31, 1986, at 2, and plaintiff has yet to articulate the relevance of further disclosure to the motion to dismiss, *see* Plaintiff's Reply Memorandum at 2–3. Accordingly, plaintiff's motion for a stay of the instant proceedings is hereby denied.